```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**PLAMEN DIMITROV and**
**YORDANKA E. MUTAFCHIEVA**                                    **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:17-cv-208-WHB-LRA**

**NISSAN NORTH AMERICAN, INC.; ET AL.**                        **DEFENDANTS**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Defendant to Dismiss. Having considered the pleadings, as well as supporting and opposing authorities the Court finds the Motion is well taken and should be granted.


**I.   Factual Background and Procedural History**

Plamen Dimitrov ("Dimitrov") was employed as a truck driver. On July 25, 2013, Dimitrov delivered a load of automobile parts to the Nissan Plant in Canton, Mississippi. While still on the Nissan Plant property, Dimitrov was allegedly attacked by an unknown gun-wielding assailant, and sustained injuries from a single gun shot wound.

On July 20, 2015, Dimitrov and his wife, Yordanka E. Mutafchieva ("Mutafchieva"), filed a lawsuit against Nissan North America, Inc. ("Nissan"), in the United States District Court for the Northern District of Illinois ("Illinois Action").[1] In the Complaint, Dimitrov alleged claims of negligence and premises

---

[1] Dimitrov and Mutafchieva are both citizens of Illinois.

liability against Nissan, which were predicated, *inter alia*, on allegations that it had failed to provide adequate security at its Canton facility and had failed to warn of the dangerous conditions existing in the area. Mutafchieva sought additional damages on a loss of consortium claim. The Illinois Action was dismissed on December 22, 2015, on a finding that the Court could not exercise personal jurisdiction over Nissan.

On July 21, 2016, Dimitrov and Mutafchieva again filed suit against Nissan, this time in the United States District Court for the Middle District of Tennessee ("Tennessee Action").[2] In the Complaint, Dimitrov and Mutafchieva alleged the same claims of negligence, premises liability, and loss of consortium as were alleged in the Illinois Action. The Tennessee Action was voluntarily dismissed on August 8, 2016.

On March 27, 2017, Dimitrov and Mutafchieva filed the subject lawsuit again alleging the same claims of negligence, premises liability, and loss of consortium against Nissan. As the parties in this case are diverse, and the Complaint seeks over $1,000,000.00 in damages, the Court may exercise federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332. Nissan has now moved for the dismissal of the Complaint on the grounds that the claims alleged therein are barred by the

---

[2] Nissan is a California corporation that has a principal place of business in Franklin, Tennessee.

applicable statute of limitations.

## II.  Standard[3]

Nissan has moved for the dismissal of this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under this rule, a cause of action may be dismissed "for failure to state a claim upon which relief may be granted."  When considering a motion brought pursuant to Rule 12(b)(6), courts must "determine whether the plaintiff has stated a legally cognizable claim that is plausible, [and] not ... evaluate the plaintiff's likelihood of success."  Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S.

---

[3] In support of its Motion to Dismiss, Nissan has submitted the Complaint and Opinion and Order of Dismissal from the Illinois Action, and the Complaint and Notice of Voluntary Dismissal from the Tennessee Action.  See Mot. to Dismiss [Docket No. 8, Exs. (a)-(d).  The Court finds the inclusion of these documents to not convert the Motion to Dismiss to a Motion for Summary Judgment because "[w]hen reviewing a motion to dismiss, a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)(citations omitted)).  The Court may properly take judicial notice of the pleadings from the United States District Courts in Illinois and Tennessee.  See FED. R. EVID. 201(b)(providing that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

3

662, 678-79 (2009)). In so doing, courts must liberally construe the allegations in the complaint in favor of the plaintiff, and accept all pleaded facts as true. See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  As regard the sufficiency of the allegations, the United States Court of Appeals for the Fifth Circuit has held:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555.

In re Katrina Canal Breaches Lit., 495 F.3d 191, 205 (5th Cir. 2007).

### III.  Discussion

Nissan has moved for the dismissal of the Complaint on the grounds that the claims alleged therein are all barred by the applicable statute of limitations.  The parties agree that the claims are governed by Mississippi law, which provides: "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such

4

action accrued, and not after." MISS. CODE ANN. § 15-1-49(1). See Barnes v. Koppers, Inc., 534 F.3d 357, 359 (5th Cir. 2008) (recognizing that "[m]ost Mississippi tort claims are governed by a three-year statute of limitations."). Nissan argues that under the applicable statute of limitations, Dimitrov and Mutafchieva were required to file suit on or before July 25, 2016, i.e. within the three-year period following the July 25, 2013, shooting. As the subject lawsuit was not filed until March 27, 2017, Nissan argues that the claims alleged by Dimitrov and Mutafchieva are time-barred.

In response, Dimitrov and Mutafchieva argue that their claims are not time-barred because they were tolled under the circumstances existing in this case. First, Dimitrov and Mutafchieva argue that the limitations period was tolled during the pendency of the Illinois Action. This argument is not supported by either Mississippi law or the general rules of common law. See S & H Grocery Inc. v. Gilbert Const. Co., Inc., 733 So.2d 851, 853 (Miss. Ct. App. 1998)(recognizing the "general rule" ... "that the commencement of an action in one state does not toll the statute of limitations in another state unless the applicable statute so provides", and holding that the one-year grace period for filing a lawsuit provided under the Mississippi Savings Clause, see Miss. Code Ann. § 15-1-69, cannot be applied to "extend the time to file an action in Mississippi after a dismissal of the same suit brought

in another forum."); C & L Rural Elec. Co-op. Corp. v. Kincade, 175 F. Supp. 223, 227 (N.D. Miss. 1959)(finding that the filing of a lawsuit in Arkansas did not suspend the statute of limitations for the purpose of filing a lawsuit in Mississippi based on the general rule that the "commencement of an action in one state does not toll the statute of limitations in another state"); 64 C.J.S. Limitations of Actions § 184 (providing the common law rule that "[t]he commencement of an action in one state or federal jurisdiction does not toll the running of limitations against an action for the same cause between the same parties in another state or federal jurisdiction."). Accordingly, the Court finds the statutes of limitation governing Dimitrov's and Mutafchieva's claims were not tolled based on their having filed either the Illinois or Tennessee Action.

Next, Dimitrov and Mutafchieva questionably raise an argument of equitable tolling. Generally, for the doctrine of equitable toling to apply, the party seeking its application must establish that "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Menominee Indian Tribe of Wis. v. United States, --- U.S. ---, 136 S. Ct 750, 755 (2016)(quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). The Court finds Dimitrov and Mutafchieva have not shown that they were diligently pursuing their rights as evidenced by the fifteen-month delay between the

dismissal of the Illinois Action and the filing of this lawsuit, and the seven-month delay between the dismissal of the Tennessee Action and the filing of this lawsuit.  Additionally, there has been no showing that any extraordinary circumstances prevented them from filing their lawsuit timely in this Court.

In sum, the Court finds that the filing and pendency of the Illinois Action did not toll the applicable statute of limitations, and that the statute of limitations was not equitably tolled.  The Court additionally finds that because more than three-years has elapsed between the date on which Dimitrov was injured and the date on which this lawsuit was filed, the claims alleged in the Complaint are barred by the applicable three-year statute of limitations and, therefore, are not claims upon which relief can be granted.  Accordingly, the Motion of Nissan to Dismiss this action will be granted.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Nissan North American to Dismiss [Docket No. 8] is hereby granted.  A Final Judgment dismissing this case shall be entered this day.

SO ORDERED this the 29th day of March, 2018.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
